IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GRACO INC. and GRACO
MINNESOTA INC.,

               Plaintiffs,

      v.

CARLISLE CONSTRUCTION
MATERIALS, LLC,

               Defendant.

Civil Action No. 21-245-CFC

## **MEMORANDUM ORDER**

A *Markman* hearing for this patent case is currently scheduled for tomorrow, March 8, 2023. The disputed claim term of greatest significance is "tangent." "Tangent" can be a noun or an adjective. The claims at issue use "tangent" only in the phrase "being tangent to," so "tangent" is clearly an adjective here.

Defendant's proposed construction for "tangent" is: "The cylindrical sidewall of each admission passage defines a straight line or plane that if extended touches the cylindrical wall of the mixing chamber at a single point." D.I. 78 at 3. This proposal is a declarative sentence. It is not a synonym for or a definition of an adjective. It does not construe any adjective, let alone the adjective "tangent."

Plaintiffs had proposed in the Joint Claim Construction Brief that I construe "tangent" to mean "offset from a radial position." D.I. 71 at 15. Grammatically, that construction makes sense. Substantively, it does not, *see generally* D.I. 71 at

24–55; and for that reason, I am not surprised that Plaintiffs have now dropped that proposed construction, *see* D.I. 79 at 1–2.

Plaintiffs now propose to construe "tangent" as: "the outer edges of the sidewalls of the admission passages are aligned with the outer edge of the mixing chamber." D.I. 79 at 1–2. This independent clause is neither an adjectival phrase nor a definition of an adjective.

Plaintiffs say that they are making their new proposal "[i]n an effort to narrow the issues for the Court[.]" D.I. 79 at 2. But Defendant has not had an opportunity to address Plaintiffs' proposal in briefing, so the proposal does not make it easier for the Court to prepare for the *Markman* hearing. On the contrary, it puts the Court in the position of having to try to figure out what Defendant will say in response to this new proposal.

Plaintiffs first made their new proposal during the "meet and confer" discussion required by paragraph 13 of the Revised Scheduling Order. D.I. 61 ¶ 13. That discussion occurred during a phone call that lasted a mere 15 minutes, and it appears from the letters about claim construction filed by the parties as recently as yesterday that there have been no follow-up in-person or telephonic discussions to narrow the issues related to "tangent." *See* D.I. 79; D.I. 86.

Now therefore, at Wilmington this Seventh day of March in 2023, it is **HEREBY ORDERED** that:

1. The *Markman* hearing is canceled until further notice;

2. Each side's lawyers who were going to argue the "tangent" term shall meet in person in Wilmington tomorrow in lieu of the scheduled *Markman* hearing and attempt to narrow the issues related to the meaning of that term;

3. The parties shall file no later than March 14, 2023 a joint status report that identifies who participated in tomorrow's meeting, how long it lasted, and where it occurred.  If the parties have not reached agreement on the construction of "tangent" by March 14, they shall propose in the joint status report a grammatically appropriate construction of "tangent."

_____
CHIEF JUDGE