# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Graco Inc. and Graco Minnesota Inc. <br> *Plaintiff* <br> v. <br> Carlisle Construction Materials, LLC <br> *Defendant* | ) <br> ) <br> ) Civil Action No. C.A. No. 21-245 (CFC) <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: ICAFe, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: TBD <br> Milwaukee, Wisconsin | Date and Time: <br> 01/11/2024 2:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic and/or Video Means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/29/2023

*CLERK OF COURT*

OR

_____   /s/ Meredith Pohl
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Carlisle Construction Materials, LLC , who issues or requests this subpoena, are:

Meredith Pohl, Kirkland & Ellis LLP, meredith.pohl@kirkland.com (202) 389-5000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. C.A. No. 21-245 (CFC)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1. "You," "Your," or "ICAFe" means ICAFe Inc. and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other Persons, acting or purporting to act under Your control or on Your behalf, and/or under the control of or on behalf of Your present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.

2. "Carlisle" or "Defendant" refers to Defendant Carlisle Construction Materials LLC.

3. "Graco," or "Plaintiffs" means Graco Inc. and Graco Minnesota Inc. collectively, and all present and former parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors, and assigns thereof, and all directors, officers, employees, agents, consultants, representatives, or persons acting or purporting to act on behalf of, or under the control of, any of the foregoing entities; and all other Persons, acting or purporting to act under Plaintiffs' control or on Plaintiffs' behalf, and/or under the control of or on behalf of Plaintiffs' present and former parent companies, subsidiaries and affiliates, predecessors and successors in interest, present and former directors, officers, employees, attorneys, agents, and any other representatives.  For the avoidance of doubt, this definition expressly encompasses any information in the possession of

GlasCraft and any other companies acquired by GlasCraft prior to acquisition by Graco, as well as Graco Indiana Inc. and Gusmer Corp.

4. The terms "document" or "documents" mean all "writings and recordings," including communications or materials reflecting communications, as that term is defined in Federal Rule of Civil Procedure 34 and the Federal Rules of Evidence 1001 and is used in its broadest sense within the context of the Federal Rules of Civil Procedure. Any document bearing marks including without limitation initials, stamped initials, comments, or notations that are not part of the original text is a separate document.

5. The terms "product" or "products" mean a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or assemblage of components/parts (either individually or collectively), which are designed to function together electronically, mechanically, chemically, or otherwise, to achieve a particular function or purpose.

6. "Fusion Spray Foam Gun" or "Fusion" refers to the Fusion Spray Foam Gun originally manufactured and sold by Graco and all previous and subsequent iterations or versions of that product and its components, including but not limited to all mixing chamber and orifice, air cap, grease/zerk fitting, and seal cartridge components that relate to or are compatible with the Fusion Spray Foam Gun and all other spray foam guns or mixing chambers and orifices, air caps, grease fittings, and seal cartridges, which were designed, at least in part, based on the Fusion Spray Foam Gun.

7. The term "Probler P2" means the Probler P2 spray foam gun, the Probler II (or 2) spray foam gun, or the second generation Probler spray foam gun, which was designed by Glas-

Craft Corp., including but not limited to all mixing chamber and orifice, air cap, grease/zerk fitting, and seal cartridge components that relate to or are compatible with the Probler P2.

8. The term "spray guns" means all guns capable of spraying, pouring, or dispensing a single or plural component materials, including but not limited to gravity, siphon and pressure spray guns.

9. The term "plural component spray guns" means an apparatus or system that mixes a plurality of components and dispenses it, including by spraying, dispensing, or pouring.

10. The term "fast-set equipment" means equipment that combines and applies reactive chemicals that form polyurethane foams or polyurea coatings or foam.

11. The term "fast-set equipment market" means the market for equipment that combines and applies reactive chemicals that form polyurethane foams or polyurea coatings and are used for such applications as to spray polyurethane foams to insulate buildings.

12. The term "plural component spray gun submarket" means a submarket of the fast-set equipment market for spray guns with multiple component parts that are used to mix and dispense polyurethane foams and polyurea coatings.

13. The term "submarket" means a portion or subdivision of a market.

14. "This Case" refers to the above-captioned proceeding at the United States District Court for the District of Delaware, *Graco Inc. and Graco Minnesota Inc. v. Carlisle Construction Materials, LLC*, Civil Action No. 21-245 (CFC).

15. "Employee" includes persons both currently or formerly employed.

16. The terms "relate" or "related" or "relate to" or "relating to" mean to concern, describe, discuss, constitute, comprise, or evidence.

3

17. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever form renders the most inclusive request possible. The use of the singular shall be deemed to include the plural and the use of one gender shall include the other as appropriate in the context.

18. The term "any" shall include the term "all," and vice versa.

19. The words "each" and "every" shall be construed to mean "each and every."

20. The word "including" and every variant thereof shall be construed to mean "including, without limitation."

**DEPOSITION TOPICS**

1. Your distribution of fast-set equipment, including but not limited to the Fusion, Probler 2, or other Plural Component Spray Guns.

2. Your sales of fast-set equipment, including but not limited to the Fusion, Probler 2, or other Plural Component Spray Guns, and accessories of such products, including prices, cost and volume of the product or accessory sold.

3. Your financial records relating to the sale and/or distribution of fast-set equipment, including but not limited to the Fusion, Probler 2, or other Plural Component Spray Guns.

4. Documents and communications, including agreements and draft agreements, between You and Graco that relate to the sale and/or distribution of fast-set equipment, including but not limited to the Fusion, Probler 2, or other Plural Component Spray Guns.

5. Marketing and promotional documents relating to Graco's past or present Plural Component Spray Guns or other fast-set equipment.

6. Your analysis of the fast-set equipment market and plural component spray gun submarket.

7. Individual or market demand for fast-set equipment, polyurea and polyurethane equipment, spray foam guns, or plural component spray gun products.

8. Communications with other distributors, suppliers, or manufacturers in the fast-set equipment market and plural component spray gun submarket.

9. Sales records for any plural component spray guns, including the number of units and revenue generated.

10. Customer feedback on fast-set equipment, including but not limited to the Fusion, Probler 2, and other Plural Component Spray Guns.

11. Communications relating to This Case.