## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GRACO INC. and GRACO MINNESOTA INC., )
)
)
      Plaintiffs, )
)
   v. )     Civil Action No. 21-245-JLH-SRF
)
CARLISLE CONSTRUCTION )
MATERIALS, LLC, )
)
      Defendant. )
_____ )
CARLISLE CONSTRUCTION )
MATERIALS, LLC, and CARLISLE )
COMPANIES, INC., )
)
     Counterclaim Plaintiffs, )
)
   v. )
)
GRACO INC. and GRACO MINNESOTA )
INC., )
)
     Counterclaim Defendants. )
_____ )

## MEMORANDUM ORDER

At Wilmington this **12th** day of **March, 2024**, the court having considered the parties'

discovery dispute letter submissions (D.I. 270; D.I. 273) and the *in camera* submission of

GRACO_0043692, GRACO_0050446,[1] and GRACO_0633532 (D.I. 275), IT IS ORDERED

that the motion of defendant Carlisle Construction Materials, LLC ("Defendant") to compel

plaintiffs Graco Inc. and Graco Minnesota Inc. ("Plaintiffs") to reproduce unredacted copies of

---

[1] The presentations beginning at Bates Nos. GRACO_0043692 and GRACO_0050446 appear to be identical copies from Day 3 of the 2021 HPCF Sales Meeting. The court's analysis of the presentation beginning at GRACO_0050446 applies equally to the presentation beginning at GRACO_0043692.

these documents and any others containing training about the requirements of an April 28, 2013 decision and order issued by the Federal Trade Commission (the "FTC Order") that were withheld or redacted on the basis of attorney-client privilege is DENIED without prejudice for the following reasons:

1. **The documents contain privileged content.** The attorney client privilege protects communications between an attorney and a client. *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007). The party claiming attorney client privilege bears the burden of demonstrating its applicability. *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012). To satisfy this burden, Plaintiffs must demonstrate that the documents are "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purposes of obtaining or providing legal assistance of the client." *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011). The privilege protects only communications, and not facts. *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981). The primary purpose of the communication must be to solicit or render legal advice, and merely sending a communication to an attorney or attaching a document to a privileged or protected communication does not automatically invoke the privilege. *Allscripts Healthcare, LLC v. Andor Health, LLC*, C.A. No. 21-704-MAK, 2022 WL 605347, at *1 (D. Del. Jan. 27, 2022).

2. The three presentations providing training on the FTC Order, which are found at Bates Nos. GRACO_0043692, GRACO_0050446, and GRACO_0633532, are protected under the attorney-client privilege. Defendant does not dispute that the withheld portions of these documents were conveyed by Karen P. Gallivan, Plaintiffs' general counsel, and were presented internally to Plaintiffs' officers, directors, and spray foam employees. (D.I. 270, Ex. 32; GRACO_0050523) Each of the presentations contains a section titled "Training on the FTC Decision & Order on Spray Foam" explaining the conduct which is and is not permitted pursuant

to the FTC Order. (*See* GRACO_0050446 at GRACO_0050506-24; GRACO_0633532 at GRACO_0633642-60) The presentations indicate that the instructions for compliance with the FTC Order come from the legal department. (GRACO_0050523-24; GRACO_0633659-60) Thus, the primary purpose of the training presentations on the FTC Order is to provide legal advice. *See Allscripts*, 2022 WL 605347, at *1.

3.   Defendant argues that the attorney-client privilege does not apply to Plaintiffs' training presentations because the FTC Order required Plaintiffs to communicate instructions to its distributors, even in the absence of a request or need for legal advice. (D.I. 270 at 4) Defendant cites no authority in support of its position. Even if Plaintiffs hypothetically could have instructed their employees on compliance with the FTC Order without involving an attorney, however, that is not what happened in the instant case. Defendant does not challenge the specifics of Plaintiffs' privilege log confirming that the content of the presentations on the FTC Order came from Karen Gallivan, Plaintiffs' general counsel who was appointed as Plaintiffs' antitrust officer. (D.I. 270, Ex. 32; GRACO_0050523-24; GRACO_0633659-60)

4.   **Plaintiffs have not waived the privilege.**  Defendant argues that Plaintiffs waived the attorney-client privilege for these documents by using the presentations as both a sword and a shield. (D.I. 270 at 4) Specifically, Defendant alleges that Plaintiffs have "affirmatively pointed to [the] FTC Order compliance training to rebuff FTC inquiries into this precise behavior," citing to an internal Graco email reminding sales personnel of their obligations under the FTC Order. (*Id.*) But Defendant does not explain how Plaintiffs' efforts to rebuff FTC inquiries are relevant to the *Walker Process* claims or defenses in this litigation. *See Rhone-Poulenc Rorer Inc. v . Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by

3

disclosing or describing an attorney client communication."). Disclosure of the non-privileged internal Graco email does not amount to reliance on the advice of counsel or otherwise waive Plaintiffs' assertion of privilege over the three presentations. (D.I. 270, Ex. 27)

5. Defendant also contends that Plaintiffs waived the privilege because multiple Graco witnesses have testified about their understanding of the FTC Order without objecting to the questions on privilege grounds. (D.I. 270 at 4) The deposition excerpts cited by Defendant do not support its position that no privilege objections were raised. To the contrary, counsel instructed the 30(b)(6) witnesses to answer the questions based on their own factual understanding, without revealing any attorney-client communication that informed the understanding. (D.I. 270, Ex. 20 at 363:19-364:6; Ex. 30 at 319:18-320:17) The testimony of the other fact witnesses confirms that they testified only about their own personal understanding of the FTC Order. (Ex. 28 at 215:9-18; Ex. 29 at 72:20-73:10) Thus, Defendant has not met its burden of showing that Plaintiffs waived the privilege. *See Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 469 (D. Del. 2010) ("The party seeking to obtain privileged information has the burden of proving that a waiver has occurred.").

6. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendant's motion to compel the reproduction of unredacted copies of GRACO_0043692, GRACO_0050446, and GRACO_0633532, and any others containing training about the requirements of the FTC Order that were withheld or redacted on the basis of attorney-client privilege, is DENIED without prejudice.

7. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be

redacted, the parties shall jointly submit a proposed redacted version by no later than **March 19, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

8. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

9. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge