IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRACO INC. and<br>GRACO MINNESOTA INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v.   ) ) | C. A. No. 21-245 (JLH) (SRF) |
| CARLISLE CONSTRUCTION ) <br>MATERIALS, LLC, ) ) | **REDACTED - PUBLIC VERSION**<br>Original Filing Date: March 6, 2024<br>Redacted Filing Date: March 12, 2024 |
| Defendant. ) | |

**LETTER TO THE HONORABLE SHERRY R. FALLON FROM
ANTHONY D. RAUCCI REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

KIRKLAND & ELLIS LLP
Gregg F. LoCascio, P.C.
Matthew S. Owen, P.C.
Nathan S. Mammen
Nichole DeJulio
Karthik Ravishankar
Meredith Pohl
Cole T. Tipton
Mary-Kathryn Hawes
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 389-5000

Alexandria Ray
555 California Avenue,
San Francisco, CA 94104
(415) 439-1400

March 6, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendant-Counter Claim Plaintiffs
Carlisle Construction Materials, LLC and
Carlisle Companies, Inc.*

Dear Judge Fallon:

Carlisle seeks the Court's assistance in compelling Graco to: (1) designate a 30(b)(6) witness on Carlisle's Topic No. 42 regarding transaction level data; (2) de-designate GRACO_0049525, GRACO_0042677, and GRACO_0122848, which Graco designated "Highly-Confidential – Attorney's Eyes Only"; and (3) produce documents related to mandatory training regarding compliance with the FTC's 2013 order.

### *30(b)(6) Topic No. 42*

Carlisle first seeks to compel Graco to produce a corporate witness to testify concerning Topic 42 of Carlisle's Supplemental Second Notice of Deposition to Graco Pursuant to Fed. R. Civ. P. 30(b)(6). "If a party from whom discovery is sought does not comply with a Rule 30(b)(6) deposition notice, the party must seek a protective order for good cause under Federal Rule of Civil Procedure 26(c)." *Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 422 (D. Del. 1992). Topic 42 asks Graco to explain certain aspects of the spreadsheets containing transaction level data Graco produced in this case, GRACO_0221070, GRACO_0515560, GRACO_0515561 (Exs. 1–3). After affirmatively suggesting that Carlisle pursue its questions about these spreadsheets by deposing a witness, Graco now refuses to supply one.

On November 27, 2023, Carlisle sent Graco a letter requesting certain additional data, *see* RFP No. 71, and an explanation of the column titles and other certain information within the spreadsheet in order to accurately review it. Ex. 4. On December 14, 2023, Graco responded to Carlisle's requests as overbroad and "appropriately addressed at deposition." Ex. 5 at 2. Carlisle then tried to take Graco up on that offer. On January 3, 2024, with depositions of most fact witnesses coming in the next several weeks, Carlisle timely served its Second Supplemental Second Notice of Deposition to Graco, which included Topic No. 42. Ex. 6. By written agreement, the parties agreed that they would designate those witnesses on 30(b)(6) topics a week before their depositions. *Id*. By January 12, however, Graco had neither served any responses or objections to Topic 42 nor designated any witness on it, so Carlisle offered to meet and confer promptly on any concerns Graco might have. Ex. 7. Graco did not respond to the Second Supplemental Notice, or Topic 42, until 4:36 pm on January 17, 2024—24 minutes before the close of fact discovery. Ex. 8. Graco objected to Topic No. 42 on numerous grounds, including that it was untimely served and "does not describe the matters for examination with reasonable particularity." *Id.* at 6. Carlisle promptly requested a meet and confer. Ex. 9 at 2.

Over a series of meet and confers, Carlisle repeatedly offered to compromise about the scope of Topic 42 if it would avoid a dispute with Graco, but to no avail. For example, on a January 19, 2024 meet and confer, Graco objected that the topic was so broad as to be unintelligible and impossible to prepare a witness to testify to. In response, Carlisle sent a redline of the topic, to narrow the information requested and make clear that Topic 42 only concerned the three spreadsheets containing transaction level data. Ex. 10. Graco refused, indicating the proposed changes did not address the breadth concerns because the spreadsheets still required preparing a witness on "thousands of rows" of data. Ex. 11 at 2. On January 25, 2024, the parties met and conferred again. Graco initially agreed to consider identifying the person most knowledgeable about the spreadsheets; and Carlisle agreed to various procedural accommodations: a 3-hour time limit, allowing the witness to appear remotely, and limiting the scope of the deposition to the

witness's own knowledge. Four days later, on January 29, 2024, Graco reversed course and informed Carlisle that it would not put up any witness on Topic 42. Graco restated its previous objections and argued—for the first time—that Graco witness Nick Pagano *had been* prepared to testify to those spreadsheets back on January 11, 2024 because he was designated on a different Topic (No. 15), which covers only sales revenue. Ex. 12 at 3. And critically, Graco objected to and limited its corporate testimony on Topic 15 to only "general[]" discussion of sales data. Ex. 31 at 20–21. Carlisle had no reason to believe Mr. Pagano was prepared to testify on transaction level data at all because, as no one disputes, (i) Graco had been served with Topic 42 for more than a week before Mr. Pagano's deposition, but did not designate Mr. Pagano on that topic; (ii) Graco did not serve its responses and objections to Topic 42 until after Mr. Pagano's deposition; (iii) those R&Os asserted that Graco would not designate *any* witness on Topic 42; and (iv) Graco's position at the time of its objections was that it *could not* prepare a witness on Topic 42 because Graco did not understand what that topic asked for.

During the meet and confer process, Graco has suggested that Topic 42 was untimely served. That is not so. Carlisle served Topic 42 on January 3, 2024, 14 days before the close of fact discovery on January 17, and more than a week before the deposition of Mr. Pagano. Graco did not serve any objections until the last half hour of fact discovery—and did so while another fact Graco fact witness, Dale Johnson, had yet to be scheduled for a deposition and so remained eligible to be designated on Topic 42. Ex. 8. After receiving Graco's responses and objections, Carlisle diligently pursued efforts to compromise about Topic 42 and to meet and confer about Graco's position. Graco's timeliness argument also ignores that Carlisle wrote Graco on January 12 seeking a meet and confer should Graco have any objections to its Notice. Graco ignored that correspondence.

In short, the Court should compel Graco to supply a corporate witness to testify to Topic 42—as Graco itself originally suggested.

**De-Designation of** ███████████████████████████████

Carlisle asks the Court to remove the "Highly Confidential – Attorneys' Eyes Only" designation from certain Graco documents that reveal how ███████████████████████████████████████████████████████████████ The Protective Order in this case, allows the AEO designation only for certain categories of materials that contain confidential information. (D.I. 31). Graco, the Producing Party, bears the burden of establishing that designated material contains confidential information. (*Id.* ¶ 14). AEO designations must be made in good faith and with good cause. *Id.*; *see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). In determining whether there is good cause for a protective order, courts balance the "party's need for information" against the possible injury resulting from disclosure. *Id.* at 787; *see Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (finding trade secrets as highly confidential); *Bayer AG v. Sony Elecs., Inc.*, 202 F.R.D. 404, 408 (D. Del. 2001) (finding samples of "metal powders" as highly confidential).

███████████████████████████████



This information is not properly subject to any confidential designation under the Protective Order. At the outset, Graco has not kept it confidential.

In any case, there is no good cause to mark these documents as AEO. Indeed, Graco's principal interest in keeping them secret is that

By contrast, the AEO designation prejudices Carlisle.

---

1   Carlisle does not seek to de-designate the data spreadsheets themselves. *See* Exs. 16–18

).

3



***Improper Assertion of Privilege***

Carlisle's antitrust claim alleges that Graco attempted to monopolize the market for fast set equipment and plural component spray foam guns by, among other things, enforcing a fraudulently obtained patent and threatening potential distributors with litigation. At the time, however, Graco was subject to an FTC Order prohibiting it from threatening distributors who carry its' competitors fast set equipment. Decision and Order, FTC Dkt. No. C-4399 § III.A.5. The Order also required Graco to train its businesspeople about how to comply with that obligation. *Id.* § 4. Graco produced, but then clawed back and reproduced with redactions, documents concerning the content of that training. *See* GRACO_0043692; GRACO_0050446; GRACO_0633532 (Exs. 24–26); *see also* Ex. 32.[2] The documents are not privileged in the first place, and any privilege over them has been waived. Because attorney-client privilege "has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose," and does not apply to communications that would have been made absent the privilege. *Fisher v. United States*, 425 U.S. 391, 403 (1976). Here, the FTC Order required Graco to communicate instructions about how to deal with distributors, even in the absence of some request or need for legal advice. In any case, "the attorney-client privilege cannot be used as both a 'shield' and a 'sword.'" *See, e.g., Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 221 n.24 (3d Cir. 2006). Graco has affirmatively pointed to its FTC Order compliance training to ." Ex. 27. And Graco witnesses have repeatedly testified about their understanding of the FTC Order without any privilege objection. *See, e.g.*, Ex. 28 at 215:9–15; Ex. 29 at 71:2–13; Ex. 30 at 319:18–320:17; Ex. 20 at 363:19–364:6. The Court should order the clawed-back documents (and any withheld on the same basis) to be produced unredacted.[3]

For all those reasons, Carlisle submits its proposed order should be granted.

---

[2] It would be appropriate for the Court to order Graco to produce these documents for in camera review if it finds it necessary to resolve any dispute about their contents.

[3] Graco also improperly invoked attorney-client privilege to instruct Dale Johnson not to answer questions about his understanding of the FTC Order, but Carlisle does not raise that dispute here since the clawed-back documents will suffice in lieu of that testimony.

4

                                                                      Respectfully,

                                                                      */s/ Anthony D. Raucci*

                                                                      Anthony D. Raucci (#5948)

cc:     All Counsel of Record *(via cm/ecf and email)*