# EXHIBIT 11

| | |
|---|---|
| **From:** | Owen, Matthew S. |
| **To:** | Brandon Pakkebier; Pohl, Meredith |
| **Cc:** | Conrad Gosen; Carlisle Service [EXT]; Joseph Herriges; Nitika Fiorella; Joseph Warden; Robert Courtney |
| **Subject:** | RE: Graco v. Carlisle (21-245-CFC) - 30(b)(6) Deposition and Subpoenas |
| **Date:** | Monday, January 22, 2024 10:56:47 AM |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Ok, please give us some times when you can meet and confer today or tomorrow on our remaining disputes. I think this can be quick.

In brief,

1. **GRACO_0299887.** Thanks for agreeing to produce the documents. We do not agree there was anything belated about the request.
2. **Second Supplemental Notice Topics.** Your objection to producing a witness on Topic 42 appears to be that you fear the questions will get so detailed that they exceed what a reasonably prepared 30b6 witness can be expected to know. You can deal with that at the deposition through scope objections, in the ordinary course. It is clear we are interested in the general mechanics of the spreadsheet and data fields, as our topics indicate. It was Graco that invited us to put our questions to a witness, and we intend to do that. We invite you to reconsider or we will file an appropriate motion, making clear that your conception of what we are asking you to prepare the witness on is incorrect.
3. **First Supplemental Notice Topics.** We are going to let this go.
4. **Witness Stipulations.** We agree that a stipulation is unnecessary for Zdimal and Johnson. Please let us know a date for Mr. Johnson by tomorrow. As for Nick Long, he retained counsel shortly before the deposition and asked to reschedule, and we agreed—as you would also have done. When a deposition date for him is worked out with his new lawyers, we will proceed with it.
5. **Elmer Documents.** When the parties agreed to a set of custodians, discovery had not revealed that one of Mr. Elmer's roles at Graco was ███████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████ That was revealed only after Mr. Fredkove's deposition testimony and a prompt review of related documents. We promptly asked, during fact discovery, for a very targeted production of Mr. Elmer's documents, which are plainly responsive to Carlisle's RFPs. We trust you did not know about them either (else you would have listed Mr. Elmer as a custodian ██████████ ██████████). We expect Graco to place an immediate lit hold on Mr. Elmer's documents, and to collect and produce the documents we have requested.

We are likely amenable to a reciprocal stipulation of the authenticity of documents from client files. Let us confirm internally and get back to you shortly.

Matt

**Matthew S. Owen, P.C.**

---

**KIRKLAND & ELLIS LLP**

1301 Pennsylvania Ave. N.W., Washington, D.C. 20004

**T** +1 202 389 5943  **M** +1 202 957 9927
**F** +1 202 389 5200

---

Matt.Owen@kirkland.com

**From:** Brandon Pakkebier <pakkebier@fr.com>
**Sent:** Monday, January 22, 2024 10:08 AM
**To:** Pohl, Meredith <meredith.pohl@kirkland.com>; Owen, Matthew S. <matt.owen@kirkland.com>
**Cc:** Conrad Gosen <gosen@fr.com>; Carlisle Service [EXT] <CarlisleServiceEXT@fr.com>; Joseph Herriges <herriges@fr.com>; Nitika Fiorella <fiorella@fr.com>; Joseph Warden <Warden@fr.com>; Robert Courtney <courtney@fr.com>
**Subject:** RE: Graco v. Carlisle (21-245-CFC) - 30(b)(6) Deposition and Subpoenas

Meredith,

Please see each item by topic below.

1. **GRACO_0299887**. Thank you for providing RFPs to which the starter email may be responsive. The fact that Carlisle's search terms did not hit upon any of the original email's terms, or its attachments, is the reason this email was not originally produced. Despite the belated nature of Carlisle's request, we will produce this email and its attachments in response to your query.

2. **Second Supplemental Notice Topics.** I want to be clear about Topic 43; my proposal last Friday was for a *mutual* authentication stipulation, wherein *each* party's documents would be prima facie authentic. Anthony confirmed that this is a regular practice in Delaware litigation; please confirm if Carlisle is amenable to such a stipulation. Regarding Topics 42 and 44, the proposed narrowing that you have suggested is still overbroad. By way of example, GRACO_0221070 contains █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This breadth, combined with the untimely nature of Carlisle's Notice, means that Graco still declines to put up a witness on these Topics.

3. **First Supplemental Notice Topics.** We disagree that Graco has agreed to designate a witness. As our objections made clear, we viewed these topics as duplicative of already-noticed topics, and viewed the testimony of those Topics as encompassing that of these supplemental Topics. Nonetheless, thank you for confirming that you will drop your request for a witness on Topics 37 and 38. With respect to Topic 39, Graco will not be designating a further witness.

    Mr. Sebion was not designated for Topic 15, so we're not sure what your transcript citation is meant to suggest. Mr. Pagano was designated, however. Thus, while Graco made clear its objection to providing corporate testimony on Carlisle's vague request for "past and present customers" over a 20-year time period, Carlisle could have asked Mr. Pagano about Graco's fast-set equipment customers.

4. **Witness Stipulations**. Given the party's agreement, prior to fact discovery closing, that the depositions of Mr. Zdimal and Mr. Johnson will be occurring after the close of fact discovery, we believe we can forgo the filing of a stipulation to that effect.  We confirm that we will re-raise the question of dates to Mr. Johnson, as we discussed on Friday's call.  But to be clear, he is not available on January 31 and Graco does not agree to an out-of-time deposition occurring on January 31.

    However, I do want to be clear about stipulations regarding Mr. Long and corporate representatives: we don't agree that those depositions should occur now that fact discovery has closed. Carlisle noticed Mr. Long for January 11 and then unilaterally decided to cancel that deposition without agreement on rescheduling. And with respect to corporate representatives, Graco does not agree to designate a witness because of (1) the reasons in its objections and responses; (2) the reasons we discussed last Friday.

5. **Elmer Documents.** Carlisle has been aware of Mr. Elmer's role at Graco since at least November 2, 2023, when Carlisle sent us a letter identifying Mr. Elmer as neither "a custodian [n]or otherwise disclosed in Plaintiffs' Amended Initial Disclosures." Carlisle's request to add him as a custodian over two months later to then ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with under a 7 hour turnaround is neither timely nor reasonable in light of the burden to do so. Following up on that request only after fact discovery closed is also not timely or reasonable.  Graco declines to add him as a custodian and to then search his files, particularly since fact discovery is now over.

    If Carlisle's position is that these documents are responsive to RFPs 79 and 80, we disagree. Graco objected to production in response to these requests and offered to meet and confer about RFP 79 on July 12, 2023, and Carlisle chose not to do so. So too for Carlisle's RFP 80.

* * *

I also wanted to raise the point of Carlisle's production ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. When we spoke last Friday, you were considering the issue. Will Carlisle be reproducing spreadsheets to conform to the format previously produced or not?

Best,
Brandon

---

**Brandon J Pakkebier ::** Fish & Richardson P.C. **::** 302 778 8420

**From:** Pohl, Meredith <meredith.pohl@kirkland.com>
**Sent:** Saturday, January 20, 2024 6:17 PM

**To:** Brandon Pakkebier <pakkebier@fr.com>; Matt Owen <matt.owen@kirkland.com>
**Cc:** Conrad Gosen <gosen@fr.com>; Carlisle Service [EXT] <CarlisleServiceEXT@fr.com>; Joseph Herriges <herriges@fr.com>; Nitika Fiorella <fiorella@fr.com>; Joseph Warden <Warden@fr.com>; Robert Courtney <courtney@fr.com>
**Subject:** RE: Graco v. Carlisle (21-245-CFC) - 30(b)(6) Deposition and Subpoenas

Brandon,

Following up on yesterday's meet and confer, below and attached please find our responses and proposed narrowing of Carlisle's remaining Rule 30(b)(6) topics and related items.

**GRACO_0299887.** The first-in-time email of GRACO_0299887 is an email  As I mentioned on our call, it's a little unfair to ask me to guess what RFPs a document I haven't seen is responsive to but my best guess from the context of the email is the document is responsive to any number of RFPs 37, 80, 90, 98, 99, and 100. If the attachments are ███—they are probably also responsive to RFPs 34 and 66. Finally, Sarah put ███ at issue during the deposition of Mr. LaCassie and examined him about ███ at some length. One additional note, Mr. Sebion's first in time email contains the words ███ all of which appear in Carlisle's second search term, albeit with different connectors which is why I surmise you think it does not hit on any terms. (Although Graco previously disagreed with the supposed breadth of Carlisle's search terms, this particular document suggests that perhaps the terms were, in fact, too narrow.) Please confirm you will produce the documents requested.

**Topics 42, 44.** We have attached a redline proposal of our changes to Topics 42 and 44 in an attempt to address your concerns. We would propose to limit the time length to the dates covered in those spreadsheets. Please let us know if this proposal is acceptable. With respect to Topic 43, we will take your proposal of a stipulation of the authenticity of documents from Graco's files under advisement.

**Topic 39.** We remain of the view that Graco agreed to produce a witness for Topic 39 and has not yet designated one. We are willing to drop topics 37 and 38, despite the fact that Graco also agreed to designate a witness on those topics as well. We disagree with your position that Graco has impliedly fulfilled its obligation to designate a witness for these topics by designating witnesses on other topics Graco contends overlap with 37-39. But as for Topic 39 in particular, that argument is not available to Graco. Graco claims that Topic 39 (which calls for discussion of Graco's past and present customers of the products identified in response to ROG 12) is duplicative of Topic 15, and that therefore your designation of Mike Sebion on Topic 15 satisfied its obligation to present a witness on Topic 39. But at his deposition, Mr. Sebion testified that he could not recall really any distributors of those products or Graco's sales to them because he'd been out of the spray foam business for "two point one – two years and a month." Sebion Tr. 71:13. Accordingly, Graco should designate a witness on Topic 39.

**Witness stipulations:** I think we agreed on our call to stipulate that the parties may take depositions of Kevin Zdimal, Dale Johnson, Nick Long, and corporate representatives following the close of fact discovery, without specific dates so we can be flexible about the remaining witnesses. Please let us know where you got to on Mr. Johnson's availability. As we have indicated, we remain prepared to be flexible but do need a date this week, or else we expect the witness to appear as noticed. I'll look out for your draft stipulation language.

We can follow up separately on the other items we discussed, including Graco's privilege log deficiencies and RFAs. I believe we're also waiting on your assessment of whether you'll agree to a limited search and production of Jake Elmer's files related to data analyses of SFWW data.

If you disagree with any of our proposals, please let us know some times to meet and confer early next week. We think it is time to bring this to a close. Please let us know if that works for your team.

Thanks,
Meredith

### Meredith Pohl

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave, N.W., Washington, D.C. 20004
**T** +1 202 389-3185  **M** +1 202 294 2931
**F** +1 202 389-5200

meredith.pohl@kirkland.com

---

**From:** Brandon Pakkebier <pakkebier@fr.com>
**Sent:** Friday, January 19, 2024 10:55 AM
**To:** Pohl, Meredith <meredith.pohl@kirkland.com>; Owen, Matthew S. <matt.owen@kirkland.com>
**Cc:** Sarah Jack <jack@fr.com>; Conrad Gosen <gosen@fr.com>; Carlisle Service [EXT] <CarlisleServiceEXT@fr.com>; Joseph Herriges <herriges@fr.com>; Nitika Fiorella <fiorella@fr.com>; Joseph Warden <Warden@fr.com>; Robert Courtney <courtney@fr.com>
**Subject:** RE: Graco v. Carlisle (21-245-CFC) - 30(b)(6) Deposition and Subpoenas

Thanks Meredith. I'll send a calendar invite for then.

**Brandon J Pakkebier ::** Fish & Richardson P.C. **::** 302 778 8420

**From:** Pohl, Meredith <meredith.pohl@kirkland.com>
**Sent:** Friday, January 19, 2024 10:42 AM
**To:** Brandon Pakkebier <pakkebier@fr.com>; Matt Owen <matt.owen@kirkland.com>