# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRACO INC. and GRACO MINNESOTA INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARLISLE CONSTRUCTION MATERIALS, LLC, <br><br> Defendant. | C.A. No. 21-245-JLH-SRF <br><br> **REDACTED – PUBLIC VERSION** <br><br> (Filed July 9, 2024) |
| CARLISLE CONSTRUCTION MATERIALS, LLC, and CARLISLE COMPANIES, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> GRACO INC. and GRACO MINNESOTA INC., <br><br> Counterclaim Defendants. | |

**GRACO'S OPENING BRIEF IN SUPPORT OF ITS**
***DAUBERT* MOTION TO LIMIT OR EXCLUDE CERTAIN**
**EXPERT TESTIMONY AND OPINIONS OF MS. TERESA STANEK REA**

M. Sean Royall (admitted *pro hac vice*)
Brent P. Ray (admitted *pro hac vice*)
Abby L. Parsons (admitted *pro hac vice*)
Emily S. Newton (admitted *pro hac vice*)
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Tel: (202) 626-2994
sroyall@kslaw.com
bray@kslaw.com
aparsons@kslaw.com
enewton@kslaw.com

Pilar G. Kraman (No. 5199)
Colin A. Keith (No. 7074)
Jennifer P. Siew (No. 7114)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square, 1000 N. King St.
Wilmington, DE 19801
(302) 576-3586
pkraman@ycst.com
ckeith@ycst.com
jsiew@ycst.com

*Attorneys for Plaintiffs/Counterclaim Defendants*
*Graco Inc. and Graco Minnesota Inc.*

**Dated: June 21, 2024**

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................... 1

LEGAL STANDARD ..................................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

    A.    Ms. Stanek Rea Should be Limited to Testifying about USPTO Policies and Procedures and the File History of the '172 Patent. ...................................................... 1

    B.    Ms. Stanek Rea's Planned Testimony Far Exceeds Permissible Scope Regarding USPTO Policies and Procedures. ............................................................................... 2

CONCLUSION ................................................................................................................................ 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*AstraZeneca LP v. Tap Pharm. Prod, Inc.*,
  444 F. Supp. 2d 278 (D. Del. 2006)..................................................................................6

*Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*,
  2010 WL 3907490 (D. Del. 2010)....................................................................................3

*Daubert v. Merrell Dow Pharm., Inc.*,
  113 S. Ct. 2786 (1993)..................................................................................................2, 7

*Enova Tech. Corp. v. Initio Corp.*,
  2013 WL 12156023 (D. Del. 2013)..................................................................................3

*Hebert v. Lisle Corp.*,
  99 F.3d 1109 (Fed. Cir. 1996)..........................................................................................5

*Intuitive Surgical, Inc. v. Auris Health, Inc.*,
  549 F. Supp. 3d 362 (D. Del. 2021)..............................................................................4, 5

*Pineda v. Ford Motor Co.*,
  520 F.3d 237 (3d Cir. 2008).............................................................................................2

*Sonos, Inc. v. D&M Holdings, Inc.*,
  297 F. Supp. 3d 501 (D. Del. 2017)..................................................................................2

*Therasense, Inc. v. Becton, Dickinson and Co.*,
  649 F.3d 1276 (Fed. Cir. 2011) (en banc).........................................................................4

*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*,
  2015 WL 12815314 (D. Del. 2015)..................................................................................6

*Zimmer Surgical, Inc. v. Stryker Corp.*,
  365 F. Supp. 3d 466 (D. Del. 2019)..................................................................................6

**Other Authorities**

37 C.F.R. § 1.56................................................................................................................4

Federal Rule of Evidence 403...........................................................................................3

Federal Rule of Evidence 702........................................................................................2, 7

This Court rejects expert testimony that attempts to usurp its role under the guise of "USPTO policy and procedure." Carlisle's inequitable conduct expert—Ms. Teresa Stanek Rea—intends to testify to the full scope of her reports, including (i) conclusions about materiality under the wrong legal standard, (ii) compliance by Graco with policies and procedures of the USPTO, and (iii) state of mind evidence of both Graco employees and attorneys and the Examiners at the USPTO. These opinions go beyond testimony permitted by the Court and should be excluded.

## NATURE AND STAGE OF THE PROCEEDINGS

Graco incorporates by reference its statement from its Motion for Partial Summary Judgement and Supplemental Claim Construction.

## LEGAL STANDARD

The admissibility of expert testimony is a question of law governed by Rule 702 of the Federal Rules of Evidence. *See Daubert v. Merrell Dow Pharm., Inc.*, 113 S. Ct. 2786 (1993). The admissibility of expert testimony is within the Court's discretion. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008).

## ARGUMENT

**A.  Ms. Stanek Rea Should be Limited to Testifying about USPTO Policies and Procedures and the File History of the '172 Patent.**

Graco does not challenge certain opinions by Ms. Stanek Rea about USPTO practice and procedure based on her years of experience in the field.[1] *See, e.g.*, *Sonos, Inc. v. D&M Holdings, Inc.*, 297 F. Supp. 3d 501, 511 (D. Del. 2017) ("[P]atent law experts are frequently permitted to testify about matters such as general practices and procedures employed by the PTO in examining . . . patents."). Graco does not contest that Ms. Stanek Rea can (a) summarize the file history of

---

[1] All Exhibits are attached to the Declaration of Abby L. Parsons, filed concurrently with this brief.

1

U.S. Patent No. 7,527,172 (the "'172 Patent") (Ex. 1, Section VI.E), and (b) explain USPTO policies and procedures (*Id.* at Section V.A.-D.).

The permissible subject matter in Ms. Stanek Rea's reports is very limited. Not even her opinions on USPTO policies and procedures are immune; her discussion on inequitable conduct (*see id.* at Section V.E) impinges on the Court's role to instruct the jury on the law.

**B.     Ms. Stanek Rea's Planned Testimony Far Exceeds Permissible Scope Regarding USPTO Policies and Procedures.**

For good reason, "[t]he law of this district is clear that experts in patent cases may not opine on whether a party engaged in inequitable conduct, discuss whether certain information was material to a pending patent application, or otherwise provide legal conclusions on substantive issues of patent law." *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 2010 WL 3907490, at *2 (D. Del. 2010).[2] The testimony of Ms. Stanek Rea—a person with years of USPTO experience and authority—should be excluded because any probative value it may provide is severely outweighed by its risk of undue prejudice. *See, e.g.*, *Enova Tech. Corp. v. Initio Corp.*, 2013 WL 12156023, at *1 (D. Del. 2013) (recognizing prejudicial effect of inequitable conduct evidence to the jury under Federal Rule of Evidence 403).

Through Ms. Stanek Rea, Carlisle attempts to subvert this controlling precedent by offering three primary categories of impermissible testimony: (i) the law and standards of inequitable conduct, (ii) compliance with USPTO policies and procedures, and (iii) the state of mind of those involved. The Court should exclude each category.

   1. Applying the Proper Legal Standard

While Ms. Stanek Rea pledges not to testify about the law of inequitable conduct (*see* Ex.

---

[2] Internal quotation marks and internal citations are omitted unless stated otherwise.

2

1 ¶ 67), she applies the wrong legal standard of materiality. An expert opinion that relies on an incorrect legal standard should be excluded. *See Intuitive Surgical, Inc. v. Auris Health, Inc.*, 549 F. Supp. 3d 362, 370–71 (D. Del. 2021) (citing *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("We encourage exercise of the trial court's gatekeeper authority when parties proffer, through purported experts, … markedly incorrect law. Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories.")).

At her deposition, Ms. Stanek Rea recognized the governing standard of *Therasense* but admitted to basing her materiality opinions on Rule 56—the former standard that the Federal Circuit expressly rejected. *See Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1294 (Fed. Cir. 2011) (en banc) ("The court does not adopt the definition of materiality in PTO Rule 56."); Ex. 3, Stanek Rea Dep. Tr. at 50:10-14; Ex. 1 ¶¶ 67-75. Ms. Stanek Rea explained that she applied that Rule 56 as the "foundation for [her] perspective on materiality," viewing "but for materiality" set forth in *Therasense* to be merely a "subset of materiality." Ex. 3 at 51:17-52:13 ("materiality is a rather amorphous term in some ways. *We have a definition in 37 C.F.R. 1.65 [sic, 1.56], ... that's the only definition of 'material' that I'm aware of*") (emphasis added); *id.* at 56:4-10; 52:14-53:7. With her understanding that "materiality is much broader," Ms. Stanek Rea's opinions on materiality are undoubtably overbroad. *Id.* at 52:14-53:7.

This error would cause undue prejudice for Graco at trial. For example, Ms. Stanek Rea intends to improperly testify about "misstatements" made to the USPTO by Graco or its employees *regardless* of whether they are material to the prosecution of the '172 patent. Ex. 3 at 54:15-55:9 ("if you made misstatements in the record about something that's -- just misstatements in the record, they don't even have to be material, that is a problem"). This is the necessary consequence of Ms. Stanek Rea's improper opinions on materiality. This testimony coming from an expert with

3

years of experience and a position of authority at the USPTO will prejudice the jury and should be excluded. *Intuitive Surgical*, 549 F. Supp. 3d at 370–71; *Hebert*, 99 F.3d at 1117.

### 2. Compliance with USPTO's Policies and Procedures

At her deposition, Ms. Stanek Rea would not commit to only testifying about statements made to the USPTO that were material to prosecution, but instead indicated her intent to offer "some testimony that sets a background for what's being discussed." Ex. 3 at 99:17-100:16. This so-called "background" is an editorialized, biased, and prejudicial story of inequitable conduct by the former deputy director of the USPTO herself. Ex. 1 at Section VI. titled, "Background."[3] This is not permitted. *See EIS, Inc. v. Intihealth Ger GmbH, et al.*, C.A. No. 19-1227-GBW, D.I. 669-1, at 5-6 (D. Del. Sept. 26, 2023) (striking USPTO policies and procedures expert's testimony regarding compliance with "the standard of conduct required by the USPTO") (Ex. 4).

Like the expert in *EIS*, Ms. Stanek Rea "fails to tether [her] opinions to the USPTO's practices and procedures." *Id.* at 5. "In other words, [Ms. Stanek Rea] simply interprets the facts of the case through [Carlisle's] eyes and applies them to the legal framework for inequitable conduct. *Id.* at 6 (citing *Purewick Corp. v. Sage Prods., LLC*, 2021 WL 2593338, at *1 (D. Del. 2021). For example, Ms. Stanek Rea:

(i) criticizes Graco's expert on USPTO policies and procedures—Mr. Andrew Hirshfeld—because he "ignores the weight of the evidence" against the now-deceased prosecuting attorney for Graco, Mr. Badger, but had no problem marshaling the evidence against Mr. Badger herself. *Compare* Ex. 2 ¶¶ 61, 64, *with id.* ¶¶ 62-64;

(ii) opines that certain individuals failed to satisfy a duty of candor, implying that they did so with intent to deceive the USPTO. *See, e.g.*, Ex. 1 at ¶ 135 ("[Mr. Zittel] owed a duty to provide

---

[3] As stated above, Graco is not seeking to exclude a summary of the prosecution history of the '172 patent. Ex. 1 at Section VI.D.

4

information that was inconsistent with the prior art positions he and Graco took before the PTAB."); *id.* ¶¶ 8-13, 76-189; Ex. 3 at 14:13-15:2, 15:18-16:22, 17:1-14; 18:15:19-6; and

(iii) offers findings that "could" be made by a trier of fact, largely amounting to "an improper attempt to offer opinions from a legal expert about what the facts of the record 'indicate' to [her] about materiality, intent, and what the examiner would have done had circumstances been different." *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 2015 WL 12815314, at *5 (D. Del. 2015); *see also, e.g.*, Ex. 1 ¶¶ 10, 11, 13, 168, 183, 187, 189 (certain perceived actions and omissions "could" be found by a trier of fact to "deceive the Examiner," be "but-for material," and that the USPTO "could have found all limitations were disclosed by the prior art"); Ex. 3 at 54:15-55:9, 97:20-98:11.

These legal issues are exclusively reserved for the trier of fact. *See* Ex. 4, *EIS*, C.A. No. 19-1227-GBW, D.I. 669-1 at 6. But "testimony of patent law experts that add a party's particular spin to disclosures in the prosecution or opine on how the Patent Office would have acted in certain circumstances have regularly been excluded." *Id.* (collecting cases).

### 3. State of Mind

Generally, "[e]xpert witnesses are not permitted to testify … regarding [a party's] intent, motive, or state of mind, or evidence by which such state of mind may be inferred." *AstraZeneca LP v. Tap Pharm. Prod, Inc.*, 444 F. Supp. 2d 278, 293 (D. Del. 2006). That is because it "offers no more than the drawing of an inference from the facts of the case" and "would be merely substituting the expert's judgment for the jury's and would not be helpful to the jury." *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 497 (D. Del. 2019)).

This rule also applies to the Examiner's state of mind. *See* Ex. 4, *EIS*, C.A. No. 19-1227-GBW, D.I. 669-1 at 6-7 (excluding expert opinions regarding the state of mind of the party, its prosecution counsel, and the USPTO Examiner). Ms. Stanek Rea's reports contain impermissible

opinions on the states of mind of several individuals involved in the prosecution of the '172 patent. For example, Ms. Stanek Rea speculates as to (i) the Examiner's motivations for specific actions, (ii) conclusions the Examiner or the PTAB *might* have made during prosecution or IPR proceeding under different circumstances, and (iii) actions the Examiner *might* have taken in response to those hypothetical conclusions. *See, e.g.*, Ex. 1 ¶¶ 9-13, 148 ("A reasonable examiner would have found the knowledge that the alleged improvement of tangent admission passages was used in the Probler 1 and the corresponding patent material to assessing the patentability of the '172 Patent."); Ex. 2 ¶¶ 74-75. These opinions should be excluded.

## CONCLUSION

For the foregoing reasons, Graco respectfully requests the Court to limit or exclude the improper opinions and expert testimony of Ms. Teresa Stanek Rea regarding inequitable conduct that are beyond the scope of USPTO policies and procedures, in accordance with Rule 702 and *Daubert*. These improper opinions would be unduly prejudicial to Graco before the jury.

Dated: June 21, 2024

*Of Counsel:*

M. Sean Royall (admitted *pro hac vice*)
Brent P. Ray (admitted *pro hac vice*)
Abby L. Parsons (admitted *pro hac vice*)
Emily S. Newton (admitted *pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Tel: (202) 626-2994
sroyall@kslaw.com
bray@kslaw.com
aparsons@kslaw.com
enewton@kslaw.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Pilar G. Kraman
Pilar G. Kraman (No. 5199)
Colin A. Keith (No. 7074)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 N. King St.
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
ckeith@ycst.com
jsiew@ycst.com

*Attorneys for Plaintiffs/Counterclaim Defendants
Graco Inc. and Graco Minnesota Inc.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 21, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Anthony D. Raucci
MORRIS,NICHOLS,ARSHT
&TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
araucci@morrisnichols.com

Gregg F. LoCascio, P.C.
Nathan S. Mammen
Matthew S. Owen, P.C.
Nichole DeJulio
Karthik Ravishankar
Cole T. Tipton
Meredith Pohl
Mary-Kathryn Hawes
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

Alexandria Ray
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104

*Attorneys for Carlisle Construction Materials, LLC and Carlisle Companies, Inc.*

Dated: June 21, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

  /s/  Pilar G. Kraman
Pilar G. Kraman (No. 5199)
Colin A. Keith (No. 7074)
Jennifer P. Siew (No. 7114)
Rodney Square
1000 N. King St.
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
ckeith@ycst.com
jsiew@ycst.com

*Attorneys for Plaintiffs Graco Inc. and Graco Minnesota Inc.*